## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GLENNEISHA JONES, as Guardian and Conservator for COREY BROADEN, and GLENNEISHA JONES, individually, as the Spouse of COREY BROADEN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 15-cv-00083 |
| GMAX, LLC, 4162 DOERR ROAD, INC., d/b/a MARSHALL DISTRIBUTING, INC., AN YNG ENTERPRISE CO., LTD., and BRIANA J. BLACKMON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Glenneisha Jones, as Guardian and Conservator for Corey Broaden, an incapacitated adult, and in her individual capacity as Corey Broaden's spouse ("Plaintiffs"), after obtaining opposing counsel's written consent to amend their Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and files this First Amended Complaint for Damages and Demand for Jury Trial. The purpose of this Amended Complaint is to add An Yng Enterprise Co., Ltd. (sometimes referred to as "An Yng") as a new and additional party defendant, and to reflect revisions to

1

Plaintiffs' allegations, sometimes now plead in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3), resulting from the addition of An Yng.  Plaintiffs respectfully show the Court as follows:

## I.    INTRODUCTION

1.

This is a civil tort action seeking recovery for substantial personal injuries and damages suffered by Corey Broaden ("Mr. Broaden"), and loss of consortium suffered by his wife Glenneisha Jones, due primarily to various design and/or manufacturing defects present in a GMAX-brand motorcycle helmet ("the subject helmet") that manifested and caused injuries as the result of a motor vehicle collision caused by Defendant Blackmon.  This case is based upon and brought under the substantive product liability and negligence laws of the State of Georgia, where the subject collision and injuries occurred.

## II.    PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

2.

Plaintiff Glenneisha Jones is the Guardian and Conservator of Mr. Broaden, her adult ward, and is an adult citizen and resident of Rockdale County, Georgia. She is also Mr. Broaden's wife.  By bringing this action she subjects herself and her ward to the jurisdiction and venue of this Court.  Plaintiffs bring this case to

recover for serious head and brain injuries suffered by Mr. Broaden on April 11, 2013, at or near the intersection of Rock Chapel Road and Lithonia Industrial Boulevard located in DeKalb County, Georgia.

3.

Defendant GMAX, LLC is a Michigan company whose principal place of business is located in Cass City, Michigan.  At all relevant times, GMAX, LLC was doing business in the State of Georgia and was involved with designing, manufacturing, producing, promoting, advertising, and/or selling motorcycle helmets, including the subject helmet. GMAX, LLC transacts business in this state and derives substantial revenue from business in the State of Georgia. Defendant GMAX, LLC was served with the original Complaint for damages pursuant to Georgia's long arm statute, O.C.G.A. § 9-10-90 *et. seq.*, through its registered agent, Roger W. Marshall, at 4162 Doerr Road, Cass City, Michigan 48726. GMAX, LLC has filed an Answer to the original Complaint and is represented by counsel.   Defendant GMAX, LLC will be served with this First Amended Complaint by service of this pleading on its counsel of record through the CM/ECF system utilized by this Court for service of pleadings. Venue is proper over GMAX, LLC pursuant to LR 3.1(B)(2) and (3) because Plaintiffs reside in this District and Division and the cause of action arose in this District and Division.

4.

Defendant 4162 Doerr Road, Inc., d/b/a Marshall Distributing, Inc. ("Marshall"), is a Michigan company whose principal place of business is located in Cass City, Michigan.  At all relevant times, Marshall was doing business in the State of Georgia and was involved in designing, manufacturing, producing, promoting, advertising, and/or selling motorcycle helmets, including the subject helmet. Marshall transacts business in this state and derives substantial revenue from business in the State of Georgia.  Defendant Marshall was served with the original Complaint for damages pursuant to Georgia's long arm statute, O.C.G.A. § 9-10-90 *et. seq*., through its registered agent, Roger W. Marshall, at 4162 Doerr Road, Cass City, Michigan 48726.  Defendant Marshall has filed an Answer to the original Complaint and is represented by counsel.  Defendant Marshall will be served with this First Amended Complaint by service of this pleading on its counsel of record through the CM/ECF system utilized by this Court for service of pleadings.  Venue is proper over Defendant Marshall pursuant to LR 3.1(B)(2) and (3) because Plaintiffs reside in this District and Division and the cause of action arose in this District and Division.

5.

Defendant An Yng Enterprise Co., Ltd. ("An Yng") is a foreign company whose principal place of business, upon information and belief, is located at No.137, Jheng Bei 3rd Rd., Yongkang Distr., Tainan City, Taiwan 71042. During the course of discovery in this action prior to the filing of this Amended Complaint, Defendants GMAX, LLC and Marshall have averred and represented that Defendant An Yng is the entity which designed and manufactured the subject helmet and that An Yng is the entity that would be legally responsible for any design or manufacturing defects in the helmet that have been alleged by Plaintiffs. Upon information and belief, Defendant An Yng has some form of distribution and/or branding relationship with Defendants GMAX, LLC and/or Marshall for GMAX-branded helmets throughout the United States, including in Georgia, and at all times it was foreseeable and known to An Yng that its products were being sold and used throughout the United States, including in Georgia. Upon information and belief, An Yng derives substantial revenue from the sale of products in the United States, including the State of Georgia, and including in particular the sale of the subject helmet to Corey Broaden in the State of Georgia. Defendant An Yng has elected to designate, and maintains, a registered agent in this country -- CT Corporation System, at 1015 15th Street N.W., Suite 1000, Washington. D.C., DC

20005 -- upon whom service of all judicial processes may be made. Service of process will be effectuated upon An Yng's registered agent identified above and, if deemed necessary, as otherwise allowed by the Federal Rules of Civil Procedure or other applicable law. Venue is proper over Defendant An Yng pursuant to LR 3.1(B)(2) and (3) because Plaintiffs reside in this District and Division and the cause of action arose in this District and Division.

6.

Defendant Briana J. Blackmon is, upon information and belief, at present an adult citizen and resident of the State of Utah. Jurisdiction is proper over Defendant Blackmon in this Court because she was a citizen and resident of the State of Georgia at the time of the April 11, 2013 incident giving rise to this case and she committed tortious acts or omissions in this State. Defendant Blackmon was properly served with the original complaint, filed an Answer, and is represented by counsel in this action. Defendant Blackmon will be served with this First Amended Complaint by service of this pleading on her counsel of record through the CM/ECF system utilized by this Court for service of pleadings. Venue is proper over Defendant Blackmon pursuant to LR 3.1(B)(2) and (3) because Plaintiffs reside in this District and Division and the cause of action arose in this District and Division.

### III.   <u>OPERATIVE FACTS</u>

*A. The Subject Motorcycle Wreck*

7.

The incident forming the basis for this action is a motor vehicle wreck involving a motorcycle in which Mr. Broaden, now an incapacitated adult ward, sustained severe and lasting injuries, including a traumatic brain injury, when the interior and exterior components of his GMAX helmet broke upon impact with external objects and failed to provide exactly what it was supposed to provide: adequate protection from severe head trauma in a collision.

8.

The subject helmet involved in this incident is a full-face GMAX GM68S helmet equipped with an LED light that Mr. Broaden ordered brand new and received only a few days prior to the incident.  That helmet was designed, manufactured, assembled and initially placed into the stream of commerce by An Yng, GMAX and/or Marshall, either directly or through their agents.

9.

On Thursday, April 11, 2013, at approximately 6:00 p.m. in good lighting, with dry surface conditions and clear weather, Mr. Broaden was riding his motorcycle, a 2000 Honda CBR-900 (VIN No. JH2SC4402YM003639) (the

"motorcycle"), southbound on Rock Chapel Road in the exterior lane reserved for right-hand turns onto westbound Lithonia Industrial Boulevard.  He was wearing the subject helmet and it was properly affixed to his head pursuant to the instructions for use prepared by An Yng, GMAX and/or Marshall Distributing. Mr. Broaden was a seasoned motorcycle rider with many years of experience.

10.

Mr. Broaden had not consumed or was under the influence of any alcohol, illicit drugs or other intoxicants.

11.

At the same time, Defendant Blackmon was driving a 2002 Ford Explorer (VIN No. 1FMZU72EX2ZA96002) (the "SUV") southbound on Rock Chapel Road in the right-hand lane of southbound travel toward the intersection with Lithonia Industrial Boulevard.

12.

The meeting of Rock Chapel Road and Lithonia Industrial Boulevard is a traditional "T" intersection. Rock Chapel Road runs north/south and Lithonia Industrial Boulevard abuts it on the west side, but does not continue through, intersecting with the southbound travel lanes.  In the area approaching the site of the incident, Rock Chapel Road is a five-lane road with three lanes traveling south

and two traveling north, with a median divider between the directions of travel.

Approximately one quarter mile before the intersection with Lithonia Industrial

Boulevard, a fourth lane reserved for vehicles making a right-hand turn from

southbound Rock Chapel Road onto eastbound Lithonia Industrial Boulevard

appears.  At the intersection itself is a triangular concrete island median that

divides vehicles making the right-hand turn onto Lithonia Industrial Boulevard

from those continuing southbound on Rock Chapel Road.

13.

As Defendant Blackmon's SUV approached the intersection, Defendant

Blackmon suddenly, and apparently without looking, or utilizing a turn signal or

other warning signal, merged into the right-hand turn-only lane.

14.

When she executed this negligent turn, Defendant Blackmon struck Mr.

Broaden with the rear passenger door of the SUV on the left side of his

motorcycle.  Because of the impact, he fell from his motorcycle, striking his head

and body on the road, and continued to tumble down the street.  The motorcycle

went airborne and ultimately came to rest on top of Mr. Broaden.

15.

When Mr. Broaden made contact with Ms. Blackmon's SUV and/or the road surface after that initial impact, the interior and exterior components of the GMAX helmet broke and failed to protect him. There were no sharp or foreign objects on the ground which the helmet could have struck or did strike.

16.

In the moments before the wreck, Mr. Broaden had safely and appropriately transferred from the right-hand southbound lane of travel into the right-hand turn lane near the point where the turn lane first became available for use. He was neither speeding nor driving recklessly. Indeed, just before being struck, Mr. Broaden was slowing to a prudent speed to safely enter the turn from Rock Chapel Road onto Lithonia Industrial Boulevard.

17.

After the wreck occurred bystanders provided aid to Mr. Broaden, who was non-responsive and struggling to breathe. First responders were called and an ambulance arrived approximately fifteen minutes later.

18.

As a result of the crash—and the interior and exterior components of the helmet breaking in the event and failing to protect his head—which failure(s) was a

proximate result of its design and/or manufacturing defects for which An Yng, GMAX and/or Marshall Distributing is liable, Mr. Broaden suffered a litany of serious and devastating personal injuries including, most notably, a traumatic brain injury that has left him unable to independently function as productive member of a society for the rest of his life.

### B.  The Subject Helmet

#### 18.

The GMAX GM68S helmet was designed, manufactured, assembled, imported and/or distributed, and initially placed into the stream of commerce as a complete product by Defendants An Yng, GMAX and/or Marshall Distributing.

#### 19.

The helmet was first sold for use by a consumer on or about April 4, 2013, and this action was, and this Amended Complaint is, commenced less than ten years from the date of the first sale for use of the helmet.  The original complaint and this Amended Complaint are also commenced less than two years from the date of the incident (April 11, 2013) giving rise to this claim.

#### 20.

Upon information and belief, the subject helmet was actually fabricated or built by Defendant An Yng in Taiwan, then shipped to GMAX and/or Marshall

Distributing for sale in the United States.  At this point, without the benefit of full discovery to be conducted, Plaintiffs allege in the alternative that An Yng, GMAX, and/or Marshall Distributing were individually or collectively involved in the design of the helmet, including decisions related to the specifications, materials, design and branding of the subject helmet.  The exact role of each Defendant in the process of designing, manufacturing, marketing, distributing and selling the subject helmet will be a primary subject of discovery in this matter.

21.

The designer(s) and manufacturer(s) of the completed helmet placed into the stream of commerce – which is either An Yng, GMAX or Marshall Distributing – or some combination of one or more of those entities as to be determined in discovery – are legally responsible for failures of the helmet and/or its components or materials, which it obtained and specified, that make up the completed helmet.

22.

To Plaintiffs' knowledge, the helmet had not been materially altered or modified from its condition as initially designed, manufactured, assembled and placed into the stream of commerce as a complete product by Defendants.

23.

It was, at all relevant times, known to Defendants that GMAX-branded helmets could become involved in collisions or crashes during use on the public highways and that it is essential in such crashes that the helmet perform without failure so an end-user involved in a wreck would be protected from a catastrophic or potentially fatal head injury.

24.

It was, at all relevant times, known to Defendants that GMAX-branded helmets must be crashworthy—indeed that is the paramount function of the product and the foreseeable reason for purchase by a consumer—including but not limited to being designed and manufactured in a manner that the helmet not break when subjected to foreseeable and reasonable external forces like those in this case.

25.

It was, and has been at all times, materially foreseeable to Defendants that if interior or exterior components of a helmet broke or failed to perform adequately during a crash the person wearing the helmet could suffer severe injury, death, or other harm.

26.

Plaintiffs contend that Defendant Blackmon was negligent in her operation of the SUV on April 11, 2013 and that said negligence was a proximate cause of wreck such that she is properly a Defendant in this action for a jury to determine what, if any, fault she bears for the subject incident and what damages were suffered by Plaintiffs from her negligence.

27.

However, Plaintiffs contend that Mr. Broaden suffered his grievous and debilitating traumatic brain injury primarily as a result of the helmet failing to protect upon impact with Defendant Blackmon's SUV and/or the roadway, and that the failure of the helmet is the result of design defects, manufacturing defects, warning defects, negligent design and/or negligent failure to warn by Defendants An Yng, GMAX and/or Marshall Distributing, as plead in the alternative at this time until Plaintiffs have the full benefit of discovery.

28.

Mr. Broaden did not act or fail to act in any way which was a proximate cause of the collision or injuries and Plaintiffs' damages.

29.

Mr. Broaden suffered catastrophic physical injuries as the result of the helmet breaking and failing to protect his head which required him to seek extensive medical treatment, suffer economic loss, and endure physical and mental pain and suffering.  The injuries and damages from this incident are continuing and are expected to continue into the foreseeable future.

30.

Defendants are liable to Plaintiffs for all compensatory damages allowed under Georgia law, including but not limited to medical bills and expenses, economic losses, and all past, present and future fright, shock, terror, anxiety, pain, suffering and anguish, both physical and mental, and Ms. Jones' loss of consortium suffered as the proximate result of the collision caused by Defendants' individual and/or concurrent negligence in an amount to be determined by the enlightened conscious of the jury.

## IV.    LIABILITY OF DEFENDANTS

### COUNT ONE
### (Defendant GMAX —Strict Liability)

31.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.  As noted hereinabove, Plaintiffs make allegations regarding strict

liability for the design, manufacturing and/or warnings defects in the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

32.

Upon information and belief, Defendant GMAX, LLC designed, manufactured, tested, marketed, promoted, advertised, and/or sold the subject GMAX GM68S motorcycle helmet.

33.

The risks inherent in the design of the subject helmet outweighed the utility of said design, thereby rendering the helmet defective and unreasonably dangerous. Defendant GMAX LLC is strictly liable to Plaintiffs in at least the following ways:

(a)    The interior and exterior components of the helmet were designed and manufactured in such a manner that the helmet failed during normal use and operation, thereby exposing Mr. Broaden's head to receive unduly severe impact forces which resulted in traumatic injuries;

(b)    GMAX, LLC failed to warn at all, or to adequately warn, users of the subject helmet, including Mr. Broaden, of the unreasonable dangers and risks inherent in the design of the helmet.

34.

As a direct and proximate result of the design and/or manufacturing defects in the subject helmet for which Defendant GMAX, LLC is liable, Mr. Broaden suffered grievous physical, mental, and emotional injuries and damages, and will continue to suffer into the future.

35.

Defendant GMAX, LLC is liable, along with the other Defendants, for all injuries and damages to Plaintiffs related to this incident.

## COUNT TWO
### (Defendant GMAX, LLC—Negligence)

36.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.  As noted hereinabove and below, Plaintiffs make allegations regarding negligence in regard to the design, manufacturing, warnings, marketing and sale of the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

37.

GMAX, LLC, as the designer, manufacturer, marketer, promoter, advertiser, and/or seller of the subject helmet, owed a duty to the motorcycling public generally, and to Plaintiffs specifically, to act with reasonable care to design,

manufacture, market, promote, advertise, and/or sell a helmet that was safe under foreseeable operating conditions and circumstances, and GMAX, LLC has further assumed liability and responsibility for negligent design, manufacturing or warnings.

38.

GMAX, LLC breached the duties of care it has or assumed or undertook in regard to the subject helmet in one or more of the following ways, which are plead individually, cumulatively, and to the extent necessary, in the alternative:

1. Tortiously designing, manufacturing, marketing, promoting, advertising, and/or placing into the stream of commerce the helmet which was not designed to have the necessary crashworthiness, durability, integrity, or other design characteristics so as to properly function and protect users in the event of a crash; and

2. Tortiously failing to warn at all, or adequately warn, the consuming public and Plaintiffs of the unreasonable dangers and risks inherent in the design of the helmet, including warnings regarding the helmet's crashworthiness.

39.

As a direct and proximate result of the various breaches of GMAX, LLC's duties as set forth in paragraph 38, Plaintiffs suffered grievous physical, mental, and emotional injuries and damages, and will continue to suffer into the future.

40.

Defendant GMAX, LLC is liable, along with the other Defendants, for all injuries and damages to Plaintiffs related to this incident.

## COUNT THREE
### (Defendant Marshall—Strict Liability)

41.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference. As noted hereinabove and below, Plaintiffs make allegations regarding strict liability for the design, manufacturing and/or warnings defects in the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

42.

Defendant Marshall designed, manufactured, tested, marketed, promoted, advertised, distributed, and/or sold the subject GMAX GM68S motorcycle helmet, on its own and/or in conjunction with GMAX, LLC.

43.

The risks inherent in the design of the subject helmet outweighed the utility of said design, thereby rendering the helmet defective and unreasonably dangerous. Defendant Marshall is strictly liable to Plaintiffs in at least the following ways:

(a)    The interior and exterior components of the helmet were designed and manufactured in such a manner that the helmet failed during normal use and operation, thereby exposing Mr. Broaden's head to receive unduly severe impact forces which resulted in traumatic injuries;

(b)    Marshall failed to warn at all or to adequately warn users of the subject helmet, including Mr. Broaden, of the unreasonable dangers and risks inherent in the design of the helmet.

44.

As a direct and proximate result of the design and/or manufacturing defects in the subject helmet for which Defendant Marshall is liable, Mr. Broaden suffered grievous physical, mental, and emotional injuries and damages, and will continue to suffer into the future.

45.

Defendant Marshall is liable, along with the other Defendants, for all injuries and damages to Plaintiffs related to this incident.

20

## COUNT FOUR
### (Defendant Marshall—Negligence)

46.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.  As noted hereinabove and below, Plaintiffs make allegations regarding negligence in regard to the design, manufacturing, warnings, marketing and sale of the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

47.

Marshall, as the designer, manufacturer, marketer, promoter, advertiser, and/or seller of the subject helmet, owed a duty to the motorcycling public generally, and to Plaintiffs specifically, to act with reasonable care to design, manufacture, market, promote, advertise, distribute, and/or sell a helmet that was safe under foreseeable operating conditions and circumstances, and Marshall has further assumed liability and responsibility for negligent design, manufacturing or warnings.

48.

Marshall breached the duties of care it has or assumed or undertook in regard to the subject helmet in one or more of the following ways, which are plead individually, cumulatively, and to the extent necessary, in the alternative:

1. Tortiously designing, manufacturing, marketing, promoting, advertising, and/or placing into the stream of commerce the helmet which was not designed to have the necessary crashworthiness, durability, integrity, or other design characteristics so as to properly function in the event of a crash; and

2. Tortiously failing to warn at all, or adequately warn, the consuming public and Plaintiffs of the unreasonable dangers and risks inherent in the design of the helmet, including warnings regarding the helmet's crashworthiness.

49.

As a direct and proximate result of the various breaches of Marshall's duties as set forth in paragraph48, Plaintiffs suffered grievous physical, mental, and emotional injuries and damages, and will continue to suffer into the future.

50.

Defendant Marshall is liable, along with the other Defendants, for all injuries and damages to Plaintiffs related to this incident.

## COUNT FIVE
## (Defendant An Yng Enterprise Co., Ltd.—Strict Liability)

51.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.  As noted hereinabove and below, Plaintiffs make allegations regarding strict liability for the design, manufacturing and/or warnings defects in the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

52.

Defendant An Yng Enterprise Co., Ltd. designed, manufactured, tested, marketed, promoted, advertised, distributed, and/or sold the subject GMAX GM68S motorcycle helmet, on its own and/or in conjunction with GMAX, LLC and.or Marshall Distributing.  At all times, Any Yng was aware that its products were being shipped to, and would be sold throughout the United States, including Georgia, for use by consumers such as Corey Broaden.

53.

The risks inherent in the design of the subject helmet outweighed the utility of said design, thereby rendering the helmet defective and unreasonably dangerous. Defendant An Yng Enterprise Co., Ltd. is strictly liable to Plaintiffs in at least the following ways:

23

(a)    The interior and exterior components of the helmet were designed and manufactured in such a manner that the helmet failed during normal use and operation, thereby exposing Mr. Broaden's head to receive unduly severe impact forces which resulted in traumatic injuries;

(b)    An Yng Enterprise Co., Ltd. failed to warn at all or to adequately warn users of the subject helmet, including Mr. Broaden, of the unreasonable dangers and risks inherent in the design of the helmet.

54.

As a direct and proximate result of the design and/or manufacturing defects in the subject helmet for which Defendant An Yng Enterprise Co., Ltd. is liable, Mr. Broaden suffered grievous physical, mental, and emotional injuries and damages, and will continue to suffer into the future.

55.

Defendant An Yng Enterprise Co., Ltd. is liable, along with the other Defendants, for all injuries and damages to Plaintiffs related to this incident.

**COUNT SIX**
**(Defendant An Yng Enterprise Co., Ltd.—Negligence)**

56.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.  As noted hereinabove and below, Plaintiffs make allegations regarding

24

negligence in regard to the design, manufacturing, warnings, marketing and sale of the subject helmet against An Yng, Marshall Distributing and GMAX in the alternative as allowed by Fed. R. Civ. P. 8(d)(2) and (3).

57.

An Yng Enterprise Co., Ltd., as the designer, manufacturer, marketer, promoter, advertiser, and/or seller of the subject helmet, owed a duty to the motorcycling public generally, and to Plaintiffs specifically, to act with reasonable care to design, manufacture, market, promote, advertise, distribute, and/or sell a helmet that was safe under foreseeable operating conditions and circumstances, and An Yng Enterprise Co., Ltd. has further assumed liability and responsibility for negligent design, manufacturing or warnings.

58.

An Yng Enterprise Co., Ltd. breached the duties of care it has or assumed or undertook in regard to the subject helmet in one or more of the following ways, which are plead individually, cumulatively, and to the extent necessary, in the alternative:

1.  Tortiously designing, manufacturing, marketing, promoting, advertising, and/or placing into the stream of commerce the helmet which was not designed to have the necessary crashworthiness,

25

durability, integrity, or other design characteristics so as to
properly function in the event of a crash; and

2. Tortiously failing to warn at all, or adequately warn, the
   consuming public and Plaintiffs of the unreasonable dangers and
   risks inherent in the design of the helmet, including warnings
   regarding the helmet's crashworthiness.

59.

As a direct and proximate result of the various breaches of An Yng
Enterprise Co., Ltd.'s duties as set forth in paragraph 58, Plaintiffs suffered
grievous physical, mental, and emotional injuries and damages, and will continue
to suffer into the future.

60.

Defendant An Yng Enterprise Co., Ltd. is liable, along with the other
Defendants, for all injuries and damages to Plaintiffs related to this incident.

**COUNT SEVEN**
**(Blackmon—Negligence)**

61.

Plaintiffs re-allege all previous paragraphs and incorporate them herein by
reference.

62.

As a driver of an automobile on the public highways, Defendant Blackmon owed a duty of ordinary care to Mr. Broaden, as the driver of a motorcycle on the public highways, to drive with reasonable care, not exceed a reasonable speed, and not engage in aggressive driving.

63.

Defendant Blackmon breached her duty of ordinary care and diligence by failing to exercise that degree of care that is exercised by ordinarily prudent persons under the same or similar circumstances.  Specifically, she abruptly and without warning change lanes without keeping a proper lookout for other drivers.

64.

Defendant Blackmon's breach of her duty of care was a proximate cause of the initial crash and some level of fright, shock, terror or other injury to Mr. Broaden such that a jury should determine what, if any, fault she bears for the indivisible injuries he suffered.  Plaintiffs do not allege, however, that Defendant Blackmon was in any way negligent or contributory to the catastrophic failure of the helmet which did not protect Mr. Broaden's head in the wreck and through which caused him to suffer grievous injuries.  Plaintiffs instead allege that had the helmet function as intended, Mr. Broaden would not have suffered nearly the same

degree of catastrophic injuries, and that it will be up to a jury to assess relative fault between the Defendants for the indivisible injuries suffered by Plaintiffs.

65.

In short, Plaintiffs claim and allege herein that Defendant Blackmon was negligent in her driving and is liable in some amount for the crash itself, but that GMAX is liable for the helmet's failure and all injuries which occurred as the result of that helmet failing.  As such, this is a case of concurrent negligence between joint tortfeasors, and it will be up to the jury to assess relative faults between those joint tortfeasors based upon the evidence at trial.

## V.    DAMAGES SOUGHT BY PLAINTIFFS

66

Plaintiffs re-allege all previous paragraphs and incorporate them herein by reference.

*A. Specific Damages Sought by Plaintiff Glenneisha Jones as Guardian and Conservator for Corey Broaden*

67.

Plaintiffs seek damages from all Defendants for past, present, and future medical bills and expenses, and other necessary expenses resulting from their respective liability for incident-related injuries in amounts shown by the evidence at trial.

28

68.

Plaintiffs seek damages from all Defendants for all past, present, and future pain and suffering resulting from their respective incident-related injuries, in an amount determined by the enlightened conscience of the jury, including all past, present, and future mental and emotional pain and suffering resulting from their respective liability for incident-related injuries.

69.

Plaintiffs seek a recovery from all Defendants for any diminished future income and earning capacity proximately flowing from, substantially caused by, or resulting from the subject incident, as to be shown more fully by the evidence at trial.

70.

Plaintiffs seek a recovery from all Defendants for the loss of full enjoyment of life suffered and that will continue to be suffered as a proximate result of the incident and the injuries sustained, in an amount to be determined by the enlightened conscience of the jury.

*B. Loss of Consortium Damages of Plaintiff Glenneisha Jones, Individually*

71.

At all material times hereto, Plaintiff Glenneisha Jones and her now-ward Corey Broaden have been married and living together as husband and wife.

72.

As a result of the injuries sustained by Mr. Broaden proximately caused by the acts and/or omissions of Defendants, Plaintiff Glenneisha Jones has suffered a loss of services, society, and companionship of her spouse.

73.

As the spouse of Mr. Broaden, Plaintiff Glenneisha Jones has a right to recover for the losses of services, society and consortium of her husband on account of his injuries which were proximately caused by the acts and/or omissions of Defendants, the measure of which is to be determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship, and all circumstances of the case.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray:

30

(a)     That summons issue requiring Defendant An Yng to appear and
        Answer this First Amended Complaint as provided by law, and that
        the other Defendants respond to the extent, if any, required by law;

(b)     That Plaintiffs have a trial by jury;

(c)     That Plaintiffs recover from Defendants all damages, economic and
        non-economic, tangible and intangible, general and special, claimed in
        the paragraphs above and any other damages as allowed by Georgia
        law under the evidence adduced at trial;

(d)     That all costs be taxed against Defendants; and

(e)     For such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted, this 20th day of March, 2015.

**CONLEY GRIGGS PARTIN LLP**

/s/  *Cale Conley*
CALE CONLEY
Georgia Bar No. 181080

The Hardin Building
1380 West Paces Ferry Road, N.W.
Suite 2100
Atlanta, Georgia 30327
Telephone:  (404) 467-1155
Facsimile:   (404) 467-1166
E-mail:      cale@conleygriggs.com

**MILLAR & MIXON, LLC**
BRUCE R. MILLAR
Georgia Bar No. 505980
108 Williamson Mill Rd.
Jonesboro, GA 30236
770-477-6360 (Telephone)
770-477-6380 (Fax)
bmillar@millarandmixon.com

**ATTORNEYS FOR PLAINTIFFS**